**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DAYLIGHT FOODS, INC., | § | |
| | § | |
| Plaintiff, | § | Case No. |
| | § | |
| v. | § | |
| | § | |
| CM EBAR, LLC, AKASH BHAKTA, and RONAK PRAIKH, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

---

**COMPLAINT**

---

Plaintiff, Daylight Foods, Inc. ("Plaintiff" or "Daylight"), by undersigned counsel, as and for its Complaint against Defendants, CM Ebar, LLC ("Ebar"), Akash Bhakta ("Bhakta"), and Ronak Praikh ("Praikh") (collectively, "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

2. Venue in this District is based on 28 U.S.C. § 1391 in that Defendants reside in this District and Plaintiff's claim arose in this District.

**PARTIES**

3. Plaintiff Daylight is a California corporation with its principal place of business in Milpitas, California, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4. Defendant CM Ebar, LLC, is a Texas limited liability company with its principal place of business in Dallas, Texas and is a purchaser of wholesale quantities of produce subject to the trust provisions of the PACA through its five locations in California designated as "Elephant Bar #211," Elephant Bar #245," "Elephant Bar #41," "Elephant Bar #209," and "Elephant Bar #37" in Daylight's records.

5. Defendant Bhakta is and was an owner and manager of Ebar during the period of time in question, who controlled the operations of Ebar and was in a position of control over the PACA trust assets belonging to Plaintiff.

6. Defendant Parikh is and was an owner and manager of Ebar during the period of time in question, who controlled the operations of Ebar and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

7. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

8. Plaintiff delivered produce weighing in excess of 2,000 pounds to Defendants on multiple days, including on October 8, 2016.

9. Between September 14, 2016 and January 18, 2017, Plaintiff sold and delivered to Defendants in interstate commerce wholesale quantities of produce and other goods worth $153,344.54, of which $111,806.35 was for produce.

10. Defendants accepted the produce and other goods, but despite repeated demands, have failed to pay for the goods and produce when payment was due.

11. At the time of receipt of the produce, Plaintiff became a beneficiary to a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-

related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

12. Plaintiff preserved its interest in the PACA trust in the amount of $111,806.35 and remains a beneficiary until full payment is made for the produce.

13. Defendants have not disputed the debt in any way.

14. Defendants have failed to pay $111,806.35 for the produce despite repeated demands. Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets as demonstrated by Defendants' failure to pay.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Failure to Pay Trust Funds)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. The failure of Defendants to make payment to Plaintiff of trust funds in the amount of $111,806.35 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

17. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against all Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Failure to Make Prompt Payment of Trust Funds)

18. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 17 above as if fully set forth herein.

19. Defendants received each of the shipments on which this action is based.

20. Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

21. Defendants failed and refused to pay for the produce supplied by Plaintiff within the payment terms indicated on the face of Plaintiff's invoices to Defendants.

22. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs have incurred damages in the amount of $111,806.35, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Failure to Pay for Goods Sold and Delivered)

23. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

24. Defendant Ebar failed and refused to pay Plaintiff the amount of $153,344.54 owed to Plaintiff for goods received by Defendants from Plaintiff.

25. As a direct and proximate result of Defendant Ebar's failure to pay promptly, Plaintiff has incurred damages in the amount of $153,344.54, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST EBAR**
(Breach of Contract)

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27. Defendant Ebar received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

28. Plaintiff's invoices to Defendant Ebar constitute valid and enforceable agreements between the parties.

29. Defendant Ebar breached the agreements between the parties by failing to timely remit payment for the goods it received from Plaintiff.

30. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

31. As a direct and proximate of Defendant Ebar's breach of contract, Plaintiff has suffered damages in the amount of $153,344.54, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST BHAKTA**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

32. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 31 above as if fully set forth herein.

33. Defendant Bhakta is an owner and manager of Ebar who operated that business during the relevant time period and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

34. Defendant Bhakta failed to direct Ebar to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

35. Defendant Bhakta's failure to direct Ebar to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

36. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST PARIKH**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

37. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 36 above as if fully set forth herein.

38. Defendant Parikh was an owner and manager of Ebar who operated that business during the relevant time period and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

39. Defendant Parikh failed to direct Ebar to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

40. Defendant Parikh's failure to direct Ebar to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

41. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Interest and Attorneys' Fees**)**

42. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 41 above as if fully set forth herein.

43. PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

44. As a result of Defendants' continued failure to make full payment promptly in the amount of $111,806.35, Plaintiff has been required to pay attorneys' fees and costs in order to bring

this action to require Defendants to comply with their statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

a. On the first cause of action, an order enforcing payment from the PACA trust by requiring immediate payment by Defendants of the amount of $111,806.35, plus pre-judgment interest and attorneys' fees, to Plaintiff;

b. On the second cause of action, Judgment against the Defendants, jointly and severally, in the amount of $111,806.35, plus pre-judgment interest and attorneys' fees, under the trust provisions of the PACA;

c. On the third cause of action, Judgment against Defendant Ebar in the amount of $153,344.54, plus pre-judgment interest, costs, and attorneys' fees.

d. On the fourth cause of action, Judgment against Defendant Ebar in the amount of $153,344.54, plus pre-judgment interest, costs, and attorneys' fees.

d. On the fifth cause of action, Judgment against Defendant Bhakta in the amount of $111,806.35, plus prejudgment interest, costs, and attorneys' fees.

e. On the sixth cause of action, Judgment against Defendant Parikh in the amount of $111,806.35, plus prejudgment interest, costs, and attorneys' fees.

f. On the seventh cause of action, Judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

g. The costs of this action, and such other and further relief as the Court deems just and proper.

Dated: January 31, 2017

Respectfully submitted,

**SHERMAN & YAQUINTO, L.L.P.**

By: /s/ Robert Yaquinto, Jr.
Robert Yaquinto, Jr.
Texas Bar Number 22115750
509 N. Montclair Avenue
Dallas, Texas 75208-5450
Telephone: (214) 942-5502
rob@syllp.com

Attorneys for Plaintiff